**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3495
_____

MARQUIS MOSLEY,
                                        Appellant

v.

ATTORNEY GENERAL PENNSYLVANIA; SUPERINTENDENT GREENE SCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-15-cv-00334)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2021

Before:  SHWARTZ, PORTER and FISHER, *Circuit Judges*.

(Filed: January 11, 2022)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Marquis Mosley was convicted in Pennsylvania state court of second degree murder, robbery, and conspiracy to commit robbery. After losing on direct appeal, Mosley filed a Post-Conviction Relief Act petition, arguing that his trial counsel was ineffective for failing to object in a timely fashion to an allegedly erroneous supplemental jury instruction. His petition was unsuccessful. Mosley then filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. The District Court denied his petition, concluding that the state court's determination on the ineffective assistance claim constituted a reasonable application of clearly established federal law as announced in *Strickland v. Washington*.[1] We will affirm.[2]

A federal court grants an application for a writ of habeas corpus with respect to a claim that was adjudicated on the merits in state court if "the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[3] The federal court presumes the state court's factual determinations to be correct, rebuttable only by a showing of clear and convincing evidence.[4]

---

[1] 466 U.S. 668 (1984).

[2] The District Court exercised jurisdiction under 28 U.S.C. § 2254. We exercise appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. Because the District Court did not conduct an evidentiary hearing and based its conclusions on the state court record, our standard of review is plenary. *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001).

[3] 28 U.S.C. § 2254(d).

[4] *Id.* § 2254(e)(1).

A state court decision is contrary to clearly established federal law where the state court reaches a conclusion opposite to that reached by the Supreme Court on a set of materially indistinguishable facts.[5] A state court's application of clearly established federal law is unreasonable if the court identifies the correct governing principle but unreasonably applies it to the facts at hand.[6] It is not enough that a state court erroneously applied the law—the application must also be objectively unreasonable.[7]

Mosley argues that his petition for a writ of habeas corpus should be granted because in evaluating his ineffective assistance claim, the state court applied law that was "contrary to" *Strickland v. Washington* or, at the very least, engaged in an unreasonable application of *Strickland*. To evaluate Mosley's petition, the threshold question under § 2254(d) is whether the habeas petitioner's claim was adjudicated on the merits in the state courts.[8] Here, neither party disputes that Mosley's ineffective assistance of counsel claim was adjudicated on the merits, and we see no reason to disagree.[9]

---

[5] *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

[6] *Id.* at 407.

[7] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

[8] *See Tyson v. Superintendent Houtzdale SCI*, 976 F.3d 382, 390 (3d Cir. 2020) ("Because we have concluded the state court decided Tyson's ineffective assistance claim on its merits, we review it in accordance [with] 28 U.S.C. § 2254. . . .").

[9] The state court, in reviewing Mosley's ineffective assistance claim, applied Pennsylvania's three-part ineffective assistance of counsel test and concluded that Mosley was not prejudiced by trial counsel's failure to object to the court's supplemental jury instructions. *See Commonwealth v. Mosley*, No. 901 MDA 2013, 2014 WL 11015584, at *4–5 (Pa. Super. Ct. Jan. 16, 2014). Thus, Mosley's claim was properly adjudicated on the merits, and federal court review can follow.

We can easily dispense with Mosley's argument that the state court judgment was contrary to established federal law. In *Strickland*, the Supreme Court held that a petitioner could demonstrate a violation of his right to effective assistance of counsel by showing that counsel's performance was deficient and prejudicial.[10] *Strickland* is clearly established federal law for the purposes of habeas ineffectiveness claims.[11] Additionally, Pennsylvania's ineffective assistance test is not contrary to *Strickland*.[12] In evaluating Mosley's ineffective assistance claim, the state court applied the Pennsylvania ineffective assistance test, making findings as to both deficient performance and prejudice.[13] Thus, the adjudication was not contrary to clearly established federal law.

Mosley also fails to show that the state court's ineffective assistance analysis is an unreasonable application of clearly established federal law.[14] Under *Strickland*'s deficiency prong, a habeas petitioner "must show that counsel's representation fell below an objective standard of reasonableness."[15] Under the prejudice prong, the inquiry is whether counsel's errors were "so serious as to deprive the defendant of a fair trial" with a reliable result.[16] To make this showing, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[10] *Strickland*, 466 U.S. at 687.
[11] *See, e.g.*, *Williams*, 529 U.S. at 391.
[12] *Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 476 (3d Cir. 2017).
[13] *See Mosley*, 2014 WL 11015584, at *4–5.
[14] *See Williams*, 529 U.S. at 404–05.
[15] 466 U.S. at 688.
[16] *Id.* at 687.

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[17] Both prongs must be met for the petitioner to succeed.[18]

Mosley contends that the state court unreasonably applied *Strickland*'s prejudice prong because it failed to recognize that the trial court's supplemental jury instruction violated his right to due process and, therefore, by not objecting in a timely fashion, his counsel deprived him of a fair and reliable trial. Fourteenth Amendment Due Process requires that the government prove each element of an offense beyond a reasonable doubt.[19] A jury instruction that lowers the prosecution's burden of proof is a violation of constitutional due process.[20] The question for reviewing courts is whether the allegedly erroneous instruction "so infected the entire trial that the resulting conviction violates due process."[21] "[I]t must be established not merely that the instruction is undesirable, erroneous, or even universally condemned, but that it violated some [constitutional right]."[22] When reviewing the instruction, this Court must consider the charge in the context of the trial record and the instructions as a whole, not in isolation.[23] Correct jury

---

[17] *Id.* at 694.

[18] *Id.* at 687.

[19] *In re Winship*, 397 U.S. 358, 364 (1970).

[20] *Francis v. Franklin*, 471 U.S. 307, 313 (1985).

[21] *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

[22] *Cupp*, 414 U.S. at 146 (internal quotation marks omitted).

[23] *Id.* at 146–47.

instructions do not necessarily cure instructions that contain a defect, but other language that explains the allegedly defective language may prevent a finding of legal error.[24]

Mosley argues that the trial court's supplemental instruction in response to a jury question indicated to the jury that they were required to convict Mosley of second degree murder. The record does not support this. Before deliberations began, the court properly instructed the jury on the elements of each offense.[25] After the jury posed a question during deliberations, the court reinstructed on the elements of second degree murder, but it also stated the jury "should always go down the line" of charges and consider them "one after another."[26] Additionally, the court emphasized that it was the jury's job to determine whether the prosecution proved, beyond a reasonable doubt, each element of the offenses it levied against Mosley.

At most, the trial's court response may have placed an emphasis on the second-degree murder charge. But even if we interpret the supplemental instruction in that manner, the court still had instructed the jury thoroughly on the elements of the other offenses in its initial instructions and went on to appropriately explain that the jury was not bound to convict Mosley of second degree murder. Therefore, in the context of the

---

[24] *See Whitney v. Horn*, 280 F.3d 240, 256 (3d Cir. 2002) (stating that, in the absence of further instruction explaining the challenged language, the defect in the challenged instruction will result in a due process error).

[25] Specifically, second degree murder, third degree murder, involuntary manslaughter, robbery, and conspiracy to commit robbery.

[26] App. 74a.

record as a whole, the trial court's instructions did not infect the trial by lowering the government's burden of proof. Accordingly, the jury instructions did not violate Mosley's right to due process, and he was not prejudiced by his counsel's failure to timely object to the instruction. For a habeas petitioner to succeed on his claim of ineffective assistance of counsel, he must show that counsel's performance was both prejudicial and deficient, so the failure to show prejudice disposes of Mosley's claim.[27] Thus, the state court reasonably applied *Strickland*, and the District Court did not err in denying Mosley habeas relief.

Because we hold that the jury instructions did not violate Mosley's due process rights and therefore his counsel's failure to object did not prejudice him, we need not address whether the jury instructions constituted harmless error or whether the government waived the harmless-error argument by failing to thoroughly brief it.

For these reasons, we will affirm.

---

[27] *Strickland*, 466 U.S. at 687.